UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALPHONSO LEE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BERNAL BACA, WILMA DULIN, ) <br> KATHRYN BAUER, KATHLEEN ASHWORTH,) <br> BONNIE LABBEE, RHONDA TAYLOR, ) <br> a/k/a YAKIMA EXECUTIVE BOARD ) <br> (2006-2007) ) <br> Defendants. ) <br> _____) | NO. CV-08-3013-LRS <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss, Ct. Rec. 10, filed September 8, 2008; and Plaintiff's Motion For Partial Summary Judgment, Ct. Rec. 14, filed September 26, 2008.

**Defendants' Motion to Dismiss**

On July 7, 2008, Plaintiff Alphonso Lee brought a motion to amend his complaint, which contained a variety of allegations against the American Federation of Teachers-Yakima, Local No. 1485, an affiliate of the American Federation of Teachers-Washington ("AFT-Yakima"), a labor organization. The Court granted his request (Ct. Rec. 7) on August 18, 2008. Plaintiff, through the amended complaint, alleges claims against the individuals who were members of the governing board of AFT-Yakima during the 2006-2007 academic year. Plaintiff's Amended Complaint alleges that the individual

///

ORDER - 1

members of the AFT-Yakima's executive board violated their duty to fairly represent him.

Defendants assert that pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss this action because Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Specifically, Defendants argue that they cannot be held personally liable to Plaintiff for the alleged actions they took or failed to take in their role as members of the executive board of AFT-Yakima. Defendants conclude that the law is clear that claims a union has breached its duty to fairly represent an employee cannot be brought against individuals, but only against labor organizations.

A review of Plaintiff's specific allegations in the Amended Complaint confirm that all of the claims against Defendants consist of assertions that Defendants failed to ensure that Plaintiff's union, AFT-Yakima, properly fulfilled its legal obligations to him under the collective bargaining agreement. The suit is therefore barred under United States Supreme Court and Ninth Circuit authority holding that a union itself, and not the union's agents, may be held liable for acts performed on the union's behalf in the collective bargaining process. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 247-49 (1962); Peterson v. Kennedy, 771 F.2d 1244, 1256 (9th Cir.1985). Defendants argue that the immunizing effect of Atkinson has been applied to a wide variety of claims based on federal law, whenever the claim is, in essence, a claim against a person for actions taken in his or her role as a union official.

In opposition to Defendants' Motion to Dismiss, Plaintiff,

ORDER - 2

proceeding pro se, states in his "Declaration in Opposition to Defendants' Motion For Summary Judgment [sic]" that he never "intended to drop AFT from the Amended Complaint." Ct. Rec. 13.

Defendants reply that despite Plaintiff's arguments to the contrary, it is clear from the totality of Plaintiff's pleadings that it was his intent to hold individual members of AFT-Yakima liable for the alleged misdeeds of the union rather than AFT-Yakima itself. Ct. Rec. 22 at 3-4.

The Court agrees with Defendants. It is clear that Plaintiff sought to amend his complaint to limit his claims to a small group of individual members of AFT-Yakima- the 2006-2007 AFT-Yakima Executive Board. Confirming his intent to hold only these members of AFT-Yakima liable, Plaintiff subsequently attempted or effectuated service of the Amended Complaint on each individual listed in his Motion to Amend. Ct. Rec. 8. The Amended Complaint no longer contains any reference to AFT-Yakima. It is the typical practice of the Court to disallow amended complaints to incorporate by reference any part of the original complaint on file. The "Amended Complaint" must be a wholly separate and self-contained document. Because all of the actions complained of by Plaintiff were actions taken by his former union in the process of addressing his contract grievances, the Atkinson immunity principle applies and the named individual members of his former union cannot be held liable for those actions, regardless of the role they may have played in directing the union to take those actions. As such, the suit shall be dismissed as a matter of law.

Based upon the reasons and authorities cited above, **IT IS HEREBY ORDERED:**

ORDER - 3

1. Defendants' Motion to Dismiss, **Ct. Rec. 10**, filed September 8, 2008 is **GRANTED.** Plaintiff's claims against the AFT-Yakima Executive named Board (2006-2007) members are **dismissed with prejudice**.

2. Plaintiff's Motion For Partial Summary Judgment, **Ct. Rec. 14**, filed September 26, 2008 is **DENIED AS MOOT.**

3. The District Court Executive is directed to:

    (a) FILE THIS ORDER;

    (b) PROVIDE A COPY TO COUNSEL OF RECORD AND PRO SE PLAINTIFF;

    (c) ENTER JUDGMENT CONSISTENT WITH THIS ORDER; and

    (c) CLOSE THIS FILE.

**DATED** this 31st day of October, 2008.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 4